UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTE DESHAWN MOORE,

    Petitioner,

v.                                              Case Number: 2:12-cv-14679

DAVID BERGH,

    Respondent.

_____/

**OPINION AND ORDER GRANTING
PETITIONER'S MOTION TO STAY PETITION FOR
WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY THE CLOSING CASE**

Before the court is Petitioner Dante Deshawn Moore's "Motion to Hold Writ of Habeas Corpus in Abeyance." (Dkt. # 8.) Petitioner is incarcerated by the Michigan Department of Corrections, currently housed at the Thumb Correctional Facility in Manistee, Michigan, where he is serving concurrent prison terms of eleven years, four months to thirty years for four counts of criminal sexual conduct in the first-degree. He was convicted on July 20, 2007, following a jury trial in the circuit court in Macomb County, Michigan. He was sentenced on September 10, 2007.

On October 23, 2012, Petitioner filed his habeas petition, alleging that his incarceration is unconstitutional. He raises claims concerning the effectiveness of trial counsel, the prosecutor's conduct, and various trial-court errors. In this motion, he asks that the court stay his case because he has an appeal pending in the Michigan Court of Appeals. For the reasons set forth, the court will grant his request.

## I. BACKGROUND

Following his convictions and sentencing, Petitioner filed his direct appeal with the Michigan Court of Appeals, raising the following claims: (1) he is entitled to a new trial; (2) the trial court erred in sentencing him; (3) trial counsel was ineffective; (4) the prosecutor committed misconduct; and (5) he is entitled to additional discovery. He also filed a motion to remand for an evidentiary hearing on whether he was denied the effective assistance of counsel. On February 27, 2009, the Michigan Court of Appeals granted his motion for a remand and retained jurisdiction. *People v. Moore*, No. 281046 (Mich. Ct. App. Feb. 27, 2009).

An evidentiary hearing was held on June 4, 2010; the judge determined that counsel was not ineffective. Hr'g Tr. 12 June 4, 2010, ECF No. 10-12, 905. After the remand proceedings, the Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Moore*, No. 281046, 2011 WL 2140361 (Mich. Ct. App. May 31, 2011). His motion for reconsideration also was denied. *People v. Moore*, No. 281046 (Mich. Ct. App. Aug. 19, 2011).

Petitioner subsequently filed an application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court, raising claims concerning the effectiveness of trial counsel, trial-court error, the prosecutor's conduct, and his sentencing. The Michigan Supreme Court, in lieu of grating leave to appeal, reversed the Court of Appeals's judgment in part and remanded the case to the Macomb County circuit court for resentencing, and in all other respects denied the application. *People v. Moore*, 806 N.W.2d 306 (Mich. 2011) (unpublished table decision). On September 12, 2012, Petitioner was resentenced. He has since filed an appeal with respect to his

resentencing with the Court of Appeals. A brief was filed on April 17, 2013, and thus, the appeal remains pending.

## II. DISCUSSION

Petitioner asks the court to stay further proceedings in this matter pending resolution of his appeal of the sentence imposed on remand. If unsuccessful on appeal, Petitioner, presumably, will seek to amend his habeas petition to include a challenge to the new sentence. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state-court, post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The court finds that Petitioner has good cause for failing to present his claims previously in state court. The court does not find his unexhausted claim to be "plainly meritless" and there is no indication that his failure to raise the claim previously in the state court resulted from "intentionally dilatory litigation tactics." See *Rhines*, 544 U.S. at 278. Therefore, the court will grant Petitioner's request to stay further proceedings in this matter pending his exhaustion of claims related to resentencing.

The Supreme Court advised in *Rhines* that, when a district court determines that

3

a stay is appropriate pending exhaustion of state-court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state-court remedies, the court imposes the time limits set forth below within which he must proceed.

### III.  CONCLUSION

IT IS ORDERED that Petitioner's motion to stay is granted. (Dkt. # 8.) The proceedings in this case are STAYED pending Petitioner's exhaustion of his state-court remedies, provided that he returns to this court within sixty days of exhausting his state-court remedies and files a motion to lift the stay and an amended petition adding the exhausted claim.

To avoid administrative difficulties, IT IS ORDERED that the clerk of the court is DIRECTED to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  May 14, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 14, 2013, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522