UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTE DESHAWN MOORE,

    Petitioner,

v.                                       Case No. 2:12-cv-14679

JOE BARRETT,

    Respondent,
_____/

**ORDER (1) GRANTING MOTION TO LIFT THE STAY OF PROCEEDINGS, (2) AMENDING THE CAPTION, (3) GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, AND (4) DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY ADDITIONAL RULE 5 MATERIALS**

    Petitioner Dante Deshawn Moore presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for four counts of criminal sexual conduct in the first-degree.  This court entered an opinion and order holding the habeas petition in abeyance to permit Petitioner to return to the state courts to exhaust additional claims and administratively closing the case. *Moore v. Bergh,* No. 12-cv-14679; 2013 WL 2049136 (E.D. Mich. May 14, 2013).  Petitioner has now filed a motion to lift the stay and to file an amended petition for writ of habeas corpus.

    For the reasons stated below, the motion to lift the stay of proceedings will be granted, and the Clerk of the Court will be directed to reactive this case to the court's active docket.

    Federal courts have the power to order that a habeas petition be reinstated upon

timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because Petitioner is now alleging that his claims have been exhausted with the state courts, the court will order that the original habeas petition be reopened.

The court will also order that the caption in this case be amended to reflect that the proper respondent in this case is now Joe Barrett, the warden of the Cooper Street Correctional Facility, where Petitioner is currently incarcerated. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), 28 foll. U.S.C. § 2254.

The court also grants Petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999)(*citing to* Fed.R.Civ.P. Rule 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). Respondent would not be prejudiced by allowing Petitioner to file an amended habeas petition.

The court will also order Respondent to file a response to the amended habeas petition within one hundred and eighty days of the court's order.[1] The court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d

---

[1] Respondent filed an answer to the original petition for writ of habeas corpus on April 29, 2013 and is thus required to respond only to the claims raised by Petitioner in his amended habeas petition.

887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Respondent is also ordered to provide any additional Rule 5 materials that have not already been submitted at the time that it files its answer. See *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Based on the foregoing, the motion to lift the stay of proceedings (Dkt. # 13) is GRANTED. The Clerk of the Court is ordered to reopen the habeas petition to the court's active docket.

IT IS FURTHER ORDERED that the caption of the case be amended to reflect that Joe Barrett is the proper respondent in this case.

IT IS FURTHER ORDERED that the motion to amend the petition for writ of habeas corpus (Dkt. # 13) is GRANTED.

IT IS FURTHER ORDERED that Respondent shall file an answer and produce the entire state court record within **one hundred and eighty (180) days** of the date of this order or show cause why she is unable to comply with the order.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: June 26, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2015, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522